Tracy MORTON, Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner, Social Security Administration, Defendant–Appellee.

No. 06–35456.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2007.**

Filed May 21, 2007.

James S. Coon, Esq., Swanson Thomas & Coon, Portland, OR, for Plaintiff–Appellant.

Neil J. Evans, Esq., Office of the U.S. Attorney, Mark O. Hatfield, U.S. Courthouse, Portland, OR, Richard Rodriguez, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM ***

Tracy Morton (Morton) appeals the district court's judgment affirming the decision of the Commissioner of Social Security to deny Morton's application for

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Supplemental Security Income disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order affirming the decision of an Administrative Law Judge (ALJ) to deny social security benefits. *Frost v. Barnhart*, 314 F.3d 359, 366 (9th Cir.2002). We affirm the district court if the ALJ's decision is based upon the application of correct legal standards and is supported by substantial evidence. *Id.*

Morton contends that the ALJ committed reversible legal error in failing to give specific germane reasons for discounting Morton's lay witnesses. We disagree.

The ALJ gave little weight to the lay testimony of Morton's neighbor, Ms. Baker. The ALJ erred by stating that Ms. Baker had known Morton for "six months." Although Ms. Baker's letter stated that Ms. Baker had known Morton for six months, at the time of the hearing, Ms. Baker testified that she had known Morton for 18 months. Nevertheless, this error is inconsequential when Ms. Baker's full testimony is considered and credited. Ms. Baker testified that she had seen Morton only "a couple times" since Morton had moved.

The ALJ also gave little weight to the lay testimony of Morton's longtime friend, Mr. Colwell. The ALJ stated that Mr. Colwell was "relying on his own observations and was not a medical expert." These reasons are not particularly germane to this individual witness, but rather generically describe all lay testimony. Nevertheless, the ALJ's error is inconsequential to the ultimate nondisability determination. The ALJ gave a careful and complete assessment of the medical evidence which refuted the degree of severity observed by the two lay witnesses. The

ALJ also gave independent reasons for questioning Morton's credibility, including inconsistencies in Morton's allegations of disabling impairments as well as a medical history that included drug seeking behavior. *See Edlund v. Massanari*, 253 F.3d 1152, 1157–58 (9th Cir.2001).

Accordingly, even assuming the ALJ's error in failing to account adequately for the lay witness testimony, we conclude that no reasonable ALJ could have arrived at a different conclusion. *See Stout v. Comm'r*, 454 F.3d 1050, 1056 (9th Cir.2006) ("[A] reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

**AFFIRMED.**